O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KEELY NIEMEYER, ) | Case No. EDCV 11-1730-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Keely Niemeyer ("Plaintiff") seeks judicial review of the Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB"), pursuant to Title II of the Social Security Act. For the reasons stated below, the Commissioner's decision is remanded for further proceedings.

**I.   Factual and Procedural Background**

Plaintiff was born on January 8, 1985. (Administrative Record ("AR") at 11). She completed high school, two years of college, and phlebotomy training. (AR at 11). She has relevant work experience as a

phlebotomist, babysitter, and food service worker. (AR at 11).

On May 29, 2008, Plaintiff filed an application for DIB, alleging that she has been disabled since July 31, 2007, due to arthritis and lymphedema in both lower extremities, status post right ankle fusion, right ankle and leg pain, and swelling in the right leg. (AR at 9). The Social Security Administration denied Plaintiff's application initially and on reconsideration. (AR at 52-60).

An administrative hearing was held before Administrative Law Judge Maxine R. Benmour ("the ALJ") on June 7, 2010. (AR at 22-46). Plaintiff, who was represented by counsel, testified at the hearing. (AR at 26-42). A vocational expert also testified at the hearing. (AR at 42-44). On July 13, 2010, the ALJ issued a decision finding that Plaintiff: (1) had not engaged in substantial gainful activity since her alleged onset date of disability (step 1); (2) suffered from severe impairments of chronic right foot and leg pain, left tibial fracture, deep vein thrombosis, pericarditis, obesity, and depression (step 2); (3) did not have any impairments that met or equaled the criteria of a listed impairment (step 3); (4) had a residual functional capacity ("RFC") to perform a limited range of light work,[1] which precluded her from performing her past relevant work (step 4); and (5) was able to make a successful adjustment to other work that exists in significant numbers in the

---

[1] The ALJ found that the plaintiff had the RFC to: lift and/or carry 10 pounds frequently and at 20 pounds occasionally; sit six hours in an eight-hour workday; and stand and/or walk two hours in an eight-hour workday. (AR at 14). The ALJ further found that Plaintiff "must use a cane for prolonged ambulation; she cannot climb ladders, ropes or scaffolds; she can occasionally climb ramps and stairs; she can occasionally balance, stoop, kneel, crouch, or crawl; and she can perform one-to-two step instruction jobs, with no production quotas, and occasional contact with supervisors, coworkers, and the public." (AR at 14).

national economy (step 5). (AR at 11-16). The ALJ concluded that Plaintiff was not under a disability from her alleged onset date through the date of the decision. (AR at 16). On August 25, 2011, the Appeals Council denied review. (AR at 1-3).

Plaintiff commenced this action for judicial review on November 4, 2011. The parties filed a Joint Stipulation of disputed facts and legal issues on May 4, 2012. Plaintiff contends that the ALJ: (1) failed to properly assess Plaintiff's ability to perform other work; and (2) improperly rejected Plaintiff's subjective symptom testimony. (Joint 3-6, 11-14, 17). Plaintiff seeks remand for payment of benefits or, in the alternative, remand for further proceedings. (Joint Stipulation at 17). The Commissioner requests that the ALJ's decision be affirmed. (Joint Stipulation at 17). The Joint Stipulation has been taken under submission without oral argument.

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. *Lingenfelter*, 504 F.3d at 1035 (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding,

the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

**III.  Discussion**

   The ALJ determined that Plaintiff's RFC limited her to performing a range of light work, which included a restriction to no more than one-to-two step instructions. (AR at 14); *see* n. 1, *supra*. At the administrative hearing, the vocational expert testified that a hypothetical individual of Plaintiff's age and with Plaintiff's education, work background, and RFC, could perform the jobs of electronics worker (Dictionary of Occupational Titles ("DOT") 726.687-010) and hand packager (DOT 920.587-018). (AR at 44). The ALJ relied on the vocational expert's testimony to find that Plaintiff was able to perform those two types of jobs which exist in significant numbers in the economy (step 5). (AR at 16). Plaintiff asserts that the ALJ's determination is not supported by substantial evidence, as the electronics worker and hand packager jobs require reasoning development skills that exceed Plaintiff's abilities.

   Reasoning development is one aspect of the "General Educational Development (GED) Scale" used in the DOT to assess jobs. *See* DOT, Appendix C - Components of the Definition Trailer. The reasoning development skill necessary to perform a job, ranges from Level 1 (the lowest level) to Level 6 (the highest level). *Id.* Here, the jobs identified by the vocational expert, electronics worker (DOT 726.687-

010) and hand packager (DOT 920.587-018), each have a Level 2 reasoning development requirement. Level 2 reasoning development is defined as follows:

> Level 2. Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

DOT Appendix C - Components of the Definition Trailer; *see also Grigsby v. Astrue*, 2010 WL 309013, *2 (C.D. Cal. 2010). As determined by the ALJ, however, Plaintiff is restricted to jobs involving no more than one-to-two step instructions. (AR at 14). With such limitations, Plaintiff would ordinarily be precluded from performing jobs with a Level 2 reasoning development. *See Grigsby*, 2010 WL 309013, at * 2 ("Level 2 reasoning jobs may be simple, but they are not limited to *one- or two-step instructions*.") (emphasis in original). Rather, Plaintiff's RFC is more consistent with a Level 1 reasoning development, which is defined as follows:

> Level 1. Apply commonsense understanding to carry out simple one or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

DOT Appendix C - Components of the Definition Trailer; *see Grigsby*, 2010 WL 309013, at * 2 ("The restriction to jobs involving no more than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning."). Thus, the reasoning development Level 2 requirements of the electronics worker and hand packer jobs exceed Plaintiff's RFC. (AR at 14).

//

When an ALJ determines that a job may be performed in a manner "that contradicts the [DOT], the record must contain 'persuasive evidence to support the deviation.'" *Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)); *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008) ("The DOT creates a rebuttable presumption as to the job classification"). Here, in finding Plaintiff able to perform other work at step five, the ALJ relied on the vocational expert's testimony, but never asked the vocational expert to explain the discrepancy between Plaintiff's reasoning abilities and the DOT's description of the electronics worker and hand packager jobs. The ALJ also failed to cite any evidence in the decision to support a deviation from the DOT. Under these circumstances, ALJ's determination that Plaintiff can perform the jobs of electronics worker and hand packager is not supported substantial evidence. *See Pinto*, 249 F.3d at 845-47. Remand is therefore required for additional administrative proceedings and findings.

**IV. <u>Order</u>**

Accordingly, the Commissioner's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with this order.[2]

Dated: May 23, 2012

_____
MARC L. GOLDMAN
United States Magistrate Judge

---

[2] Because the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining credibility issue raised by Plaintiff would independently require reversal.